UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PRAETORIAN SPECIALTY INSURANCE COMPANY, | * | CIVIL ACTION NO: |
| Plaintiff | * | SECTION |
| VERSUS | * | JUDGE |
| TRIPLE L MANAGEMENT CORP., RSC EQUIPMENT RENTAL, INC. Defendants | * | MAGISTRATE |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes Praetorian Specialty Insurance Company ("Praetorian"), which respectfully shows as follows:

I.

Made Defendants herein are:

    A. Triple L Management Corp. ("Triple L"), a company incorporated in Louisiana with its principal place of business in Louisiana; and

    B. RSC Equipment Rental, Inc. ("RSC"), a company incorporated in Arizona with its principal place of business in Arizona.

II.

Praetorian is a Delaware corporation with its principal place of business in the State of New York.

III.

This suit concerns potential coverage by Praetorian for losses under an insurance policy issued to Triple L. Triple L and/or RSC seek defense and/or indemnity coverage for bodily injury and/or property damage and/or contractual indemnity claims for which Praetorian denies coverage, all as discussed in more detail below.

IV.

In *Maxwell Craine v. RSC Equipment, et al.*, No. 09-11009, Civil District Court, Orleans Parish, La. (the "Underlying Suit"), Maxwell Craine alleges that he sustained injuries while in the scope of his employment with Triple L. A copy of the petition is attached as Exhibit "1." Craine alleges that, while operating a T190 Bobcat leased to Triple L by RSC, the Bobcat's bucket fell and caused serious injuries to his leg and foot. Craine specifically alleges that his injuries include "right leg crush injury with distal tibia fracture, right calf atrophy, possible nonunion at oblique fracture of the distal shaft of the right tibia, right ankle and right foot trauma, and thoracolumbar pain . . . ." *See* Exhibit 1, ¶VI. Craine seeks past, present and future pain and suffering, medical expenses, and lost wages. *Id.*, ¶VIII.

Upon information and belief, Triple L's worker's compensation insurance carrier paid on Craine's behalf $51,156.00 in medical expenses and $143,884.28 in indemnity (lost wage) benefits.

V.

Based on the above and foregoing, the amount in dispute in the Underlying Suit, together with the defense costs associated with said lawsuit, all of which is being claimed from Praetorian, exceeds $75,000.00, exclusive of interest and costs. Therefore, the amount in dispute in this litigation is in excess of the jurisdictional limit for diversity jurisdiction.

VI.

Praetorian issued, from its managing general agent's office in Shreveport, Louisiana, commercial general liability policy number PSILA0004207 to Triple L for the policy period December 31, 2007 through December 31, 2008 (hereinafter, the "Praetorian policy"). A certified copy of the Praetorian policy is attached hereto as Exhibit "2." Praetorian specifically pleads the terms of the Praetorian policy as if set forth herein *in extenso.*

VII.

The Praetorian policy was issued, and has at all times been administered, in Shreveport, Caddo Parish, Louisiana, through the offices of Deep South Surplus, Inc., a managing general agent in Louisiana for Praetorian. The original application for the policy was received, and the policy rated, underwritten, approved and processed in Shreveport. The policy was executed, or bound, in Caddo Parish, Louisiana. Deep South's General Manager countersigned the policies on behalf of Praetorian in Shreveport. Praetorian's coverage decisions regarding the underlying suit were made in

Shreveport. Venue is, therefore, proper in the United States District Court for the Western District of Louisiana.

## VIII.

The Praetorian policy contains a forum selection clause that states that, with respect to declaratory judgment actions that address coverage or policy interpretation, "the United States District Court for the Western District of Louisiana, Shreveport Division, is the exclusive federal venue if jurisdiction is present under federal law." For this additional reason, venue is proper in this forum.

## IX.

In the Underlying Suit, RSC asserted a Third Party Demand against Triple L. A copy of the Third Party Demand is attached as Exhibit "3." In the Third Party Demand, RSC alleges that it is entitled to contractual defense and indemnity from Triple L based on language in a Lease Agreement that allegedly pertains to the Bobcat. RSC demands that Triple L undertake the defense of and indemnify RSC against the claims asserted by Craine in the Underlying Suit.

## X.

The Praetorian policy provides no coverage for any of the losses or claims asserted by RSC against Triple L in the Underlying Suit, for all the reasons set forth below.

XI.

The policy contains a contractual liability exclusion (exclusion b), which provides that the coverage does not apply to "'bodily injury' or 'property damage' for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement." The exclusion does not apply to liability for damages "[a]ssumed in a contract or agreement that is an 'insured contract,' provided the 'bodily injury' or 'property damage' occurs subsequent to the execution of the contract or agreement."

XII.

The Praetorian policy contains an employer's liability exclusion, exclusion e., which precludes coverage for bodily injury to:

    (1)    An "employee" of the insured arising out of and in the course of:

          a.  Employment by the insured; or

          b.  Performing duties related to the conduct of the insured's business . . .

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract."

XIII.

No insurance is afforded and/or no defense is owed to Triple L and/or RSC under the policy because of the application of the above exclusions. The Lease Agreement fails to qualify as an "insured contract" because it was never signed by the parties. In other words, the indemnity provision relied on by RSC is unenforceable, and therefore the "insured contract" provision does not come into play.

XIV.

In addition, the insuring agreement states that Praetorian will pay those sums that the insured becomes legally obligated to pay as damages because of property damage or bodily injury that is caused by an "occurrence."

XV.

The term "occurrence" as defined in the policy means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

XVI.

No insurance is afforded and no defense is owed to Triple L and/or RSC under the Praetorian policy to the extent the allegations in the Third Party Demand and/or Underlying Suit fail to trigger the "occurrence" term in the insuring agreement.

XVII.

The Praetorian policy contains additional exclusions that may be applicable. The workers compensation exclusion (exclusion d) precludes coverage for any obligation of the insured under workers compensation law. The mobile equipment exclusion (exclusion h) precludes coverage for bodily injury or property damage arising out of "[t]he use of 'mobile equipment' in . . . demolition . . . ."

XVIII.

No insurance is afforded and/or no defense is owed to Triple L and/or RSC under the Praetorian policy to the extent exclusions d and/or h apply.

XIX.

Defendants contend and/or will contend that they are entitled to indemnity and/or a defense with respect to the Underlying Suit under the Praetorian policy.

XX.

An actual, present and existing controversy has arisen between Praetorian on the one hand, and Triple L and RSC on the other, with respect to the existence and scope of Praetorian's coverage, indemnity and defense obligations, if any, with respect to the Third Party Demand and/or Underlying Suit. Praetorian desires a judicial declaration of their rights and duties, if any, under its policy.

WHEREFORE, Praetorian prays that judgment be entered in its favor and against Triple L and RSC:

1. Declaring that Praetorian and policy does not afford coverage, indemnity or a defense for the matters alleged in the Third Party Demand and/or Underlying Suit; and

2. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY, BYRD & CROMWELL, L.L.P.

BY: _____
Donald Armand, Jr., Bar No. 17444
S. Michael Cooper, Bar No. 24057

400 Texas Street, Suite 400
Post Office Box 1786
Shreveport, Louisiana 71166-1786
Telephone: (318) 221-1800
Facsimile: (318) 226-0390

ATTORNEYS FOR PLAINTIFF, PRAETORIAN
SPECIALTY INSURANCE COMPANY